18 U.S. 189 (1820)
5 Wheat. 189
UNITED STATES
v.
HOLMES et al.
Supreme Court of United States.
March 15, 1820.
*190 February 14th. This case was argued by the Attorney-General, for the United States, and by Webster, for the prisoners.
March 15th. 1820. WASHINGTON, Justice, delivered the opinion of the court.
This case comes before the court upon a division of opinion of the judges of the circuit court for the district of Massachusetts. The defendants *416] are indicted for murder committed on the *high seas; and the questions adjourned to this court are, 1. Whether the circuit court had jurisdiction of the offence charged in the indictment, unless the vessel on on board of which the offence was committed, was, at the time, owned by a citizen, or citizens of the United States, and was lawfully sailing under its flag? 2. Whether the court had jurisdiction of the offence charged in the indictment, if the vessel on board of which it was committed, at the time of the commission thereof, had no real national character, but was possessed and held by pirates, or by persons not lawfully sailing under the flag, or entitled to the protection of the government whatever? 3. Whether it made *191 any difference as to the point of jurisdiction, whether the prisoners, or any of them, were citizens of the United States, or that the offence was consummated, not on board of any vessel, but in the high seas? 4. Whether the burden of proof of the national character of the vessel on board of which the offence was committed, was on the United States, or, under the circumstances stated in the charge of the court, was on the prisoner?
The two first questions have been decided by this court at its present session. In Klintock's Case (ante, p. 144), it was laid down, that to exclude the jurisdiction of the courts of the United States, in cases of murder or robbery committed on the high seas, the vessel in which the offender is, or to which he belongs, must *be, at the time, in fact, as well as in right, [*417 the property of a subject of a foreign state, and in virtue of such property, subject, at that time, to his control. But if the offence be committed in a vessel, not at the time belonging to subjects of a foreign state, but in possession of persons acknowledging obedience to no government or flag, and acting in defiance of all law, it is embraced by the act of the 30th of April, 1790. It follows, therefore, that murder or robbery committed on the high seas, may be an offence cognisable by the courts of the United States, although it was committed on board of a vessel, not belonging to citizens of the United States, as if she had no national character, but was possessed and held by pirates, or persons not lawfully sailing under the flag of any foreign nation.
The third question contains two propositions: 1. As to the national character of the offender, and of the person against whom it is committed; and 2d, as to the place where the offence is committed.
1. In respect to the first, the court is of opinion, and so it has been decided, during the present term, that it makes no difference whether the offender be a citizen of the United States or not. If it be committed on board of a foreign vessel, by a citizen of the United States, or on board of a vessel of the United States, by a foreigner, the offender is to be considered, pro hâc vice, and in respect to this subject, as belonging to the nation, under whose flag he sails. If it be committed either by a citizen or a foreigner, on board of a piratical vessel, the offence is equally cognisable by the courts of the United *States, under the above-mentioned law. [*418
2. Upon this point, the court is of opinion, that it makes no difference, whether the offence was committed on board of a vessel, or in the sea, as by throwing the deceased overboard and drowning him, or by shooting him, when in the sea, though he was not thrown overboard. The words of the above act of congress are general, and speak of certain offences committed upon the high seas, without reference to any vessel whatsoever on which they should be committed; and no reason is perceived, why a more restricted meaning should be given to the expressions of the law, than they literally import. In the case of Furlong, for the murder of Sunley, decided during the present term of the court, it was certified, that murder committed from on board an American vessel, by a mariner sailing on board an American vessel, by a foreigner on a foreigner, in a foreign vessel, is within the act of the 30th of April 1790 (ante, p. 184). It follows from this, and the principles laid down in Klintock's Case, that the same offence committed by any person from on board a vessel having no national character, as by throwing a person overboard, and drowning him, is within the same law.
*192 It is stated, in the charge of the court below, that it did not appear by any legal proof, that the privateers had commissions from Buenos Ayres, or any ship's papers or documents from that government, or that they were ever recognised as ships of that nation, or of its subjects; or who were the owners, where they resided, or when or where the privateers were armed or *419] equipped. But it did appear *in proof, that the captains and crew were chiefly Englishmen, Frenchmen and American citizens; that the captains were both domiciled at Baltimore, where the family of one of them resided, and that he was by birth an American citizen. It was also proved, that the privateers were Baltimore built. Under these circumstances, the court is of opinion, that the burden of proof of the national character of the vessel on board of which the offence was committed, was on the prisoners.
CERTIFICATE.  This cause came on to be heard, on the transcript of the record of the circuit court of the United States, for the district of Massachusetts, and on the questions on which the judges of that court were divided in opinion, and was argued by counsel: on consideration whereof, this court is of opinion:
1. That the said circuit court had jurisdiction of the offence charged in the indictment, although the vessel on board of which the offence was committed was not, at the time, owned by a citizen, or citizens of the United States, and was not lawfully sailing under its flag.
2. The said circuit court had jurisdiction of the offence charged in the indictment, if the vessel, on board of which it was committed, had, at the time of the commission thereof, no real national character, but was possessed and held by pirates, or by persons not lawfully sailing under the flag, or entitled to the protection of any government whatsoever.
3. That it made no difference, as to the point of jurisdiction, whether the *420] prisoners, or any of them, *were citizens of the United States, or whether the deceased was a citizen of the United States, or that the offence was committed not on board any vessel, but on the high seas.
4. That the burden of proof of the national character of the vessel, on board of which the offence was committed, was, under the circumstances stated in the charge of the court, on the prisoners.[(a)]
NOTES
[(a)] See Appendix, note IV.